**The document below is signed, amending the Minute Order issued on May 31, 2010.  Dated: June 1, 2010.**

S. Martin Teel, Jr.
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )    Case No. 10-00116
HELEN MOBLEY,                      )    (Chapter 13)
                                   )
         Debtor.                   )    **Not for Publication in**
                                   )    **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER OVERRULING DEBTOR'S
OBJECTION TO THE PROOF OF CLAIM FILED BY PALISADES COLLECTIONS

On March 25, 2010, the debtor filed an objection to the proof of claim filed by Palisades Collections LLC in the above-captioned case (Dkt. No. 19).  In the objection, the debtor argues that the court should deny the claim because "the creditor has not provided the required documentation to support the claim."  Palisades attached to its proof of claim a printout listing the debtor's name, Beneficial as the original creditor, and a notation that "No additional supporting documentation is available."  Palisades also attached to its claim an Assignment and Bill of Sale from Collins Financial Services, Inc., to Palisades.  The debtor contends that this documentation is inadequate because "it does not contain any language that references the debtor, the debt, or the basis for any claim

against the debtor" and because "[t]he creditor fail[ed] to provide any court judgment or any other document evidencing the existence of a debt." Finally, the debtor's objection stated that she never had any account with either company.

On May 3, 2010, I entered a minute order directing the debtor to file an affidavit in support of the objection, explaining that it was not clear that the proof of claim was based on a writing within the meaning of Rule 3001(c) and that the objection itself was insufficient to overcome the prima facie validity of the claim. The deadline for the debtor to file her affidavit in support of her objection was May 24, 2010.

Under Federal Rule of Bankruptcy Procedure 3001(f), "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Even though the debtor's objection is unopposed, the objection standing by itself is insufficient to overcome the prima facie validity of the proof of claim, which might not require additional documentation if the claim were not based on a writing. Without evidence in support of the objection (here, an affidavit), the objection fails to overcome the prima facie validity afforded the claim by Rule 3001(f) and, accordingly, must be denied notwithstanding Palisades' failure to file in opposition to the objection. For these reasons, it is

ORDERED that the debtor's objection to the proof of claim

filed by Palisades Collections LLC (Dkt. No. 19) is OVERRRULED without prejudice to filing an amended objection accompanied by a supporting affidavit.

                                            [Signed and dated above.]

Copies to: Debtor; Debtor's Attorney; Chapter 13 Trustee;

Thomas Neaves, GM
Vativ Recovery Solutions, LLC
As Agent for Palisades Collections, LLC
P.O. Box 19249
Sugar Land, TX 77496